IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | Case No. 3:23-cv-01919-JR |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| MICHAEL WALLIS, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiff The Travelers Indemnity Company of Connecticut moves for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, plaintiff's motion should be granted.

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

At all relevant times, defendant was employed by Mascott Equipment Company Inc./Mascott LLC ("Mascott"), which held a commercial automobile insurance policy with plaintiff ("Policy").

On March 31, 2021, defendant, at the bequest of Mascott, drove a company vehicle to a gas station/mini mart in Kelso, Washington, to perform work on gasoline dispensers. Defendant parked and exited the vehicle, but went "back and forth" between the Mascott truck and his work "to grab or put back tools [he] needed." Wallis Decl. ¶ 2 (doc. 22). At one point while engaged in his maintenance work, defendant was kneeling in the driveway area adjacent to the fuel pumps when he was struck by a third-party, Danielle Rein, who backed into him while exiting a parking space.

On September 16, 2022, defendant filed a negligence suit against Ms. Rein in Cowlitz County, Washington. On December 12, 2023, defendant executed a release and agreed to settle his claim against Ms. Rein for $50,000 – i.e., the bodily injury liability limit of her insurance policy with State Farm. Defendant thereafter asserted a claim for underinsured motorist ("UIM") benefits with plaintiff in the amount of $1,000,000.

### I.     Relevant Policy Terms

The Policy was issued to the "Named Insured" – i.e., "Mascott Equipment Company, Inc./Mascott, LLC" – at the following address: "435 NE Hancock St., Portland, OR 97212." Cronin Decl. Ex. 1, at 2 (doc. 17). In the "Who Is An Insured" section defining liability, an "insured" is "[y]ou for any covered 'auto'" or "[a]nyone else while using with your permission a covered 'auto' you own, hire, or borrow." *Id.* at 11.

The Policy also provides an "Oregon Uninsured Motorists Coverage" extension, which states: "For a covered 'auto' licensed or principally garaged in, or 'auto dealer operations' conducted in, Oregon . . . [w]e will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" *Id.* at 12. The "Oregon Uninsured Motorists Coverage" extension goes on to indicate if the "Named Insured" is a "partnership, limited liability company, corporation or any other form of organization," then "[a]nyone 'occupying' a covered 'auto'" is insured under the Policy. *Id.* at 12-13. "Occupancy," in turn, "means in, upon, getting in, on, out or off." *Id.* at 15.

## II.     Proceedings Before This Court

On December 19, 2023, plaintiff commenced this action seeking "a judicial determination that Defendant was not, at the relevant time, an 'insured' under the applicable policy of insurance and is not entitled to UIM coverage or benefits under the policy." Compl. pg. 5 (doc. 1).

On June 27, 2024, plaintiff filed the present motion for summary judgment. Briefing was completed regarding that motion on August 5, 2024.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Plaintiff argues summary judgment is warranted under Oregon law: "Wallis is not entitled to UIM benefits unless the accident occurred while he was 'occupying' the covered auto [and he] was not 'occupying' a motor vehicle at the time of the accident." Pl.'s Mot. Summ. J. 7-9 (doc. 16).

Defendant does not dispute plaintiff's plain language reading of the Policy or interpretation of Oregon law. *See generally* Def.'s Resp. to Mot. Summ. J. (doc. 20); *see also Justice v. Rockwell Collins, Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), *aff'd*, 720 Fed.Appx. 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes . . . the court may treat that argument as conceded") (citation and internal quotations and brackets omitted). Instead, defendant asserts that, because the Policy lacks a choice of law provision, the Court must undertake an analysis under Or. Rev. Stat. § 15.360 to determine whether Oregon or Washington law governs. According to defendant, Washington law should apply because "Mr. Wallis' work for Mascott,

the named insured, took him into Washington and over Washington roadways on a regular basis."[1] Def.'s Resp. to Mot. Summ. J. 6 (doc. 20).

As such, the parties do not appear to dispute UIM coverage would be unavailable under Oregon law given the terms of the Policy, and that the resolution of plaintiff's motion hinges on whether Oregon or Washington law applies. *See Takata v. State Farm Mut. Auto. Ins. Co.*, 217 Or.App. 454, 460-62, 176 P.3d 415 (2008) (insured was not covered under analogous personal injury protection language when she was struck by a bicycle while crossing the street to her residence after parking her car and then returning to the vehicle to check the trunk for necessary items, as the "plaintiff's use of her car – for driving or for carriage and storage purposes – had no consequential relationship to the injury"); *see also Mut. of Enumclaw Ins. Co.*, 164 Or.App. at 666-

---

[1] Plaintiff maintains that "Mr. Wallis has the obligation of identifying the material differences between Oregon and Washington law," and here there are none insofar as "defendant is not an insured under the policy even if Washington law is applied." Pl.'s Reply to Mot. Summ. J. 3, 15-16 (doc. 25). Yet a carve out seemingly exists under Washington law in favor of UIM coverage for "commercial situations" where an employee is injured in the course of performing work on behalf of the employer, even if that injury occurs incidental to the employee's use of the insured vehicle. *Gaskill v. Travelers Ins. Co.*, 2012 WL 13024807, *3-4 (W.D. Wash. Mar. 12, 2012) (citing *Butzberger v. Foster*, 151 Wn.2d 396, 89 P.3d 689 (2004); *Rau v. Liberty Mut. Ins. Co.*, 21 Wn.App. 326, 585 P.2d 157 (1978); and *Cherry v. Truck Ins. Exch.*, 77 Wn.App. 557, 892 P.2d 768 (1995)); *see also Mut. of Enumclaw Ins. Co. v. Payne*, 164 Or.App. 664, 668-70, 993 P.3d 186 (1999) ("Washington law requires automobile liability insurance policies to provide UM coverage that defines the meaning of 'insured' as broadly as defined by the liability coverage section") (citing *Rau*, 21 Wn.App. at 328-29, 335). While plaintiff articulates the correct Washington test for determining "whether an injured party is using/occupying a vehicle under UIM coverage," it does not meaningfully reconcile the facts of this case with the aforementioned precedent. Pl.'s Reply to Mot. Summ. J. 15 (doc. 25). Plaintiff does nonetheless acknowledge that "[i]t is not unreasonable to assume that the named insured would contemplate employees leaving tools incidental to their jobs, or even necessary for a particular job, in the vehicle during the workday." *Id.* at 15-16. By extension, it is also not unreasonable to assume that the name insured would contemplate employees returning to the work vehicle throughout the day, just as defendant did, to retrieve and return those tools. *Cf. Gaskill*, 2012 WL 13024807 at *4 (noting that, in *Rau*, "a truck driver was hit by another vehicle after he got out of his truck to seek directions . . . because he was a commercial truck driver using the truck to make deliveries with the owner's permission, it was within the contemplation of the parties that he might need to stop and ask for directions [and thus] he was entitled to UIM coverage on the policy covering the delivery truck").

Page 5 – FINDINGS AND RECOMMENDATION

67, 670 (insured in middle of roadway directing traffic and completely out of physical contact with his vehicle was not "occupying" that vehicle under Oregon law for the purposes of UIM coverage).

Section 15.360 specifies that where "an effective choice of law has not been made by the parties" via contract, "[t]he most appropriate law is determined by":

> (1) Identifying the states that have a relevant connection with the transaction or the parties, such as the place of negotiation, making, performance or subject matter of the contract, or the domicile, habitual residence or pertinent place of business of a party;
>
> (2) Identifying the policies underlying any apparently conflicting laws of these states that are relevant to the issue; and
>
> (3) Evaluating the relative strength and pertinence of these policies in: (a) Meeting the needs and giving effect to the policies of the interstate and international systems; and (b) Facilitating the planning of transactions, protecting a party from undue imposition by another party, giving effect to justified expectations of the parties concerning which state's law applies to the issue and minimizing adverse effects on strong legal policies of other states.

Or. Rev. Stat. § 15.360.

Here, the insurance broker that procured the Policy for Mascott was located in Portland, Oregon. Cronin Decl. Ex. 1, at 2 (doc. 17). Additionally, the Policy was issued subject to Oregon statutes. To the extent a standard form of insurance contract is negotiated, that process occurred in Oregon. Mascott is an Oregon legal entity and its principal place of business is in Portland, Oregon. *Id.* And Oregon is where the subject vehicle is registered and principally garaged. Thus, although several states are contemplated in the Policy as locations where vehicles may be principally garaged and/or covered under UIM endorsements, with respect to defendant's claim Oregon is the place of performance and the location of the subject matter of the contract. And plaintiff is a resident of Oregon and performed less than half of his work for Mascott in Washington. Wallis Decl. ¶ 1 (doc. 22).

More broadly, Oregon and Washington both have a substantial interest in the regulation of insurance contracts, and in determining the rights and liabilities of the parties of those insurance contracts. Insofar as several states are contemplated in the Policy as performance locations, Washington could be construed as having a relevant connection to the transaction. Regardless, with respect to the factors listed in Or. Rev. Stat. § 15.360(1), common sense and precedent point strongly in favor of applying Oregon law.

Indeed, as defendant observes, "[c]ases analyzing choice of law in the context of uninsured motorist coverage may appear at first balance to cut against [his] argument." Def.'s Resp. to Mot. Summ. J. 8 (doc. 20). For instance, in *Davis v. State Farm Mut. Auto. Ins.*, 264 Or. 547, 507 P.2d 9 (1973), the parties to a UIM contract disputed whether Oregon or Michigan law applied. After noting "[t]he contract was entered into in Michigan under the authority of a Michigan statute and was issued to Michigan resident," and that "[t]he place of plaintiff's injury [in Oregon] was fortuitous," the Oregon Supreme Court held that Michigan law governed. *Davis*, 264 Or. at 548-49.

Likewise, in *Mid-Century Ins. Co. v. Perkins*, 209 Or.App. 613, 149 P.3d 265 (2006), *aff'd*, 344 Or. 196, 179 P.3d 633 (2008) (as modified), the parties to a UIM contract disputed whether Oregon or Washington law applied. The insurance policy was issued in Oregon and the underlying vehicle was registered in Oregon, but at some point the insured relocated to Washington. *Mid-Century Ins.*, 209 Or.App. at 615. Thereafter, the insured was injured in Washington by a Washington driver with insufficient liability limits to cover his damages. *Id.* at 615-16. The Oregon Court of Appeals held that the insured's "entitlement to UIM benefits under the policy is governed by Oregon law," reasoning:

> the policy in effect at the time of the accident was entered into in Oregon under the authority of an Oregon statute and was renewed to at least one Oregon resident for

Page 7 – FINDINGS AND RECOMMENDATION

an Oregon-registered vehicle. Under the circumstances, Oregon has the more significant relationship to the insurance policy. The fact that [the insured] moved to Washington and intended to register the vehicle in that state (but never did) does not alter the fact that the principal contacts resulting in the parties' contractual relationship arose in Oregon.

*Id.* at 620 (internal citations omitted). This was the case despite the fact that no UIM coverage was available under Oregon law. *Id.* at 634-66.

Defendant does not undertake any detailed analysis of Or. Rev. Stat. § 15.360(1)'s factors, but rather attempts to distinguish these cases on the ground that his "work for Mascott took him to Washington worksites on a regular basis." Def.'s Resp. to Mot. Summ. J. 6, 8 (doc. 20). According to defendant, the place of his injury was "not merely fortuitous" in the sense that plaintiff could have anticipated an accident would occur out-of-state because his employment necessitated local travel. *Id.* at 8-9.

However, the record reflects that Oregon's relationship with the Policy is far more substantial than Washington's because: (1) the Policy was entered into in Oregon, under the authority of Oregon statutes, and issued to Oregon legal entity with its principal place of business in Oregon; (2) plaintiff resides in Oregon; and (3) the underlying vehicle was registered in Oregon, and principally garaged at either plaintiff's place of business in Oregon or at defendant's residence in Oregon. Critically, defendant does not dispute these facts or even argue that Washington's relationship with the Policy is more significant. *See id.* at 6 (contending only that his "regular" work in Washington using a Mascott vehicle "should inform the analysis regarding choice of law . . . it isn't just Oregon that has a relevant connection to the subject matter of this contract").

As a result, the fact that defendant performed some (but less than half) of his work for Mascott in Washington does not appreciably tip the scales. This is especially true considering that defendant has not cited to, and the Court is not aware of, any authority indicating that Or. Rev.

Page 8 – FINDINGS AND RECOMMENDATION

Stat. § 15.360(1)'s factors result in the application of a different state's law under even arguably analogous circumstances.

## RECOMMENDATION

For the reasons stated herein, plaintiff's Motion for Summary Judgment (doc. 16) should be granted. Plaintiff's request for oral argument is denied as unnecessary.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 21st day of August, 2024.

                                  /s/ Jolie A. Russo
                                    Jolie A. Russo
                            United States Magistrate Judge